**SCIENTIFIC GAMES INTERNATIONAL, INC., Petitioner**

v.

**GOVERNOR'S OFFICE OF ADMINISTRATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2013.

Filed Oct. 9, 2013.

---

Robert W. Hayes, Philadelphia, for petitioner.

Nora L. Doyle, Deputy Chief Counsel, Harrisburg, for respondent.

Thomas J. Goshler, Deputy Chief Counsel, Harrisburg, for intervenor Pennsylvania Department of Revenue.

Jayson R. Wolfgang, Harrisburg, for intervenor GTECH Corporation.

BEFORE: PELLEGRINI, President Judge, and COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Scientific Games International, Inc. (SGI) petitions for review of the order of the Governor's Office of Administration

(GOA) dismissing SGI's protest of the selection of GTECH Corporation (GTECH) for contract negotiations as a result of RFP# 6100020492 (2012 RFP). We affirm.

## I.

The Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa.C.S. §§ 1101–1904, permits slot machine gaming in Pennsylvania and delegates the monitoring of such gaming to the Department of Revenue (Department). Section 1323(a) of the Gaming Act, 4 Pa. C.S. § 1323(a), authorizes the Department to acquire a Central Computer Control System (CCCS) that links slot machines and reports their operations to a central location. Section 1323(c), 4 Pa.C.S. § 1323(c), authorizes the Department to initially acquire the CCCS without adhering to the requirements of the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. §§ 101–2311. On October 31, 2005, the Department selected GTECH as the vendor for this initial contract.

In 2010, the Department of General Services (DGS) posted a Request for Proposal (2010 RFP) for the acquisition of a replacement CCCS. On November 23, 2010, DGS selected SGI for negotiations with the Department. In May 2011, SGI sent signed contract pages to DGS and asked if the contract execution process could be expedited. DGS responded that execution could take longer than 60 days and that it could not guarantee that the process could be expedited.

GTECH then filed a protest to the award and requested a debriefing. In connection with the protest and debriefing and pursuant to Section 708(b)(26) of the Right–to–Know Law (RTKL),[1] GTECH received a copy of the contract executed by SGI, the IT Contract Terms, the 2010 RFP and related documents, and a redacted copy of SGI's proposal for the 2010 RFP. Likewise, pursuant to its RTKL request, SGI received from DGS a redacted copy of GTECH's proposal for the 2010 RFP including GTECH's price.

On July 11, 2011, a DGS Protest Officer granted the protest in part and denied it in part. The Protest Officer found that the 2010 RFP made having a manufacturer's license a condition precedent to contract execution and that the stay in execution must remain in place at least until SGI received its manufacturer's license thereby fulfilling the condition precedent so that contract execution could proceed. GTECH appealed and sought a preliminary injunction from this Court to prevent any further negotiation or performance of the contract between the Department and SGI. In August 2011, DGS cancelled the 2010 RFP and the associated award pursuant to Section 521 of the Procurement Code, 62 Pa.C.S. § 521,[2] on the basis that the cancellation was in the best interests of the Commonwealth. GTECH discontinued its suit against DGS. *Scientific Games International, Inc. v. Commonwealth,* —— Pa. ——, —— & n. 9, 66 A.3d 740, 745–46 & n. 9 (2013).

On August 16, 2011, SGI filed a complaint and a petition for a preliminary injunction in this Court seeking to prevent the Department and DGS from canceling

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(26).

2. Section 521 states, in pertinent part, that "[a] request for proposals ... may be canceled, or any or all bids or proposals may be rejected, at any time prior to the time a contract is executed by all parties when it is in the best interests of the Commonwealth...."

the contract and soliciting new bids.[3] This Court denied the petition for preliminary injunction and DGS and GTECH filed preliminary objections to the complaint alleging that the Board has exclusive jurisdiction over SGI's claims. This Court overruled the preliminary objections, but the Supreme Court reversed on interlocutory appeal, holding that we did not have jurisdiction. On May 6, 2013, the Board lifted the stay of the proceedings before it. *Scientific Games International, Inc.,* — Pa. at —, 66 A.3d at 746–48; *Scientific Games International, Inc. v. Department of Revenue,* 34 A.3d 307, 313 (Pa.Cmwlth.2011), *rev'd,* — Pa. at —, 66 A.3d at 760.[4]

## II.

While all of that was going on, on December 14, 2012, GOA posted the 2012 RFP seeking proposals for a replacement CCCS which is the subject of this appeal. When that RFP was issued, SGI submitted a written request asking the Department's and GOA's positions regarding whether by submitting a proposal an "offeror" waives any rights or causes of actions relating to claims that are then pending before the courts arising from the 2010 RFP process. The response was that it was GOA's and the Department's position that an offeror did not waive any of its rights in that regard.[5] GTECH and SGI were the only

two offerors to submit proposals in response to the 2012 RFP. On April 19, 2013, DGS selected GTECH for contract negotiations under the 2012 RFP.

On April 26, 2013, SGI filed a protest with GOA seeking to void the selection of GTECH for or, in the alternative, the cancellation of the 2012 RFP because:

● GTECH's selection would make an award to SGI under the 2012 RFP less likely and it was not in the Commonwealth's best interests because SGI's existing challenge to the 2010 RFP was still pending and the Commonwealth would be subject to inconsistent contractual obligations or an award of damages if SGI prevails in those proceedings;

● GTECH had an unfair competitive advantage through the use of confidential information in SGI's previous bid that had been disclosed to GTECH through the debriefing and the RTKL request to increase its disadvantaged business and cost scores; and

● GTECH was unfairly awarded incumbency points because it was the existing vendor under the prior no-bid contract.

GOA's Final Determination found that SGI's protest was untimely under Section 1711.1(b) of the Procurement Code, 62 Pa.

---

**3.** On April 6, 2012, SGI also filed an action before the Board of Claims (Board), but the parties agreed to stay that action pending disposition of the case.

**4.** Before the Board, SGI is pursuing its claim that DGS acted unlawfully and beyond its statutory authority in canceling the 2010 contract and the 2010 RFP.

**5.** Specifically, the question and answer were:

What is the Commonwealth's (including both of OAG and DOR) position regarding whether the "Offeror" waives any of its

rights or causes of action that are related to the claims pending in both the Commonwealth Court and the Chancery Court arising from the previous procurement process for the CCCS in Pennsylvania?

\* \* \*

The Office of Administration and the Department of Revenue's position is that an Offeror for this RFP does not waive any of its rights or causes of action that are related to the claims arising from the previous procurement process for the CCCS in Pennsylvania.
(Reproduced Record (R.R.) at 184a.).

C.S. § 1711.1(b),[6] because it knew or should have known all protest grounds within seven days of the issuing of the 2012 RFP or after the submission of its proposal. SGI then filed this appeal.[7]

### III.

■ In this appeal,[8] SGI first claims its protest was timely because it did not have to file its protest within seven days after the RFP was issued or the submission of its proposal since it was not "aggrieved" until GTECH was selected for contract negotiations. It also argues that the Department and GOA were estopped from arguing the timeliness of the protest based on the response to SGI's inquiry regarding the waiver of its rights. However, we find that in each basis for the protest, SGI did not file its appeal within seven days of "when it knew or should have known of the facts giving rise to the protest."

The first ground for SGI's protest was known to SGI at the time that it submitted its proposal. SGI argued that GTECH's selection was not in the Commonwealth's best interests, and it would make an award to SGI under the 2012 RFP less likely in light of the pending 2010 RFP proceedings. However, because issuance of the 2012 RFP and the potential award of a new contract are what "aggrieved" SGI, and SGI knew or should have known at the time it submitted its proposal to the 2012 RFP that a contract for the new CCCS could be awarded to a different party, GOA correctly determined that SGI should have filed its protest within seven days of its submission. As we explained in *Cummins v. Department of Transportation*, 877 A.2d 550, 553, 554 (Pa.Cmwlth.2005):

> Cummins contends that his protest was timely because it was filed within seven days of when he learned that his bid had been rejected. This argument is without merit. Cummins' protest was based upon the assertion that two project items were assigned the wrong classification codes, and had the item been properly classified, Cummins would have met the prequalification requirements. Thus, the salient facts giving rise to his protest were the codes assigned to the two work items and the codes for which Cummins has been prequalified, and the relevant inquiry is when Cummins knew or should have known these facts....
>
> [I]n order to submit a bid, a contractor must certify that he meets the prequali-

**6.** This provision provides, in pertinent part, that "[i]f the protestant is a[n] ... offeror ... the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved ... offeror ... knew or should have known of the facts giving rise to the protest...." *Id.*

**7.** In June 2013, both GTECH and the Department filed notices of intervention in the appeal. In addition, SGI filed an Application for Stay or Supersedeas. By order dated June 18, 2013, this Court initially denied the application based on SGI's failure to conform to Pa. R.A.P. 1781 requiring SGI to seek supersedeas from GOA. After GOA denied SGI's request, SGI filed a Renewed Application for Stay or Supersedeas on June 28, 2013. By order dated July 19, 2013, this Court granted the application in part, directing that the

GOA, the Department and GTECH could continue negotiations on a contract resulting from the 2012 RFP, but that they could not execute a contract; and expedited the disposition of the appeal.

**8.** Section 1711.1(i) of the Procurement Code states:

**(i) Standard of review.**—The [Commonwealth Court] shall hear the appeal, without a jury, on the record of determination certified by the purchasing agency. The court shall affirm the determination of the purchasing agency unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law.

62 Pa.C.S. § 1711.1(i).

fication requirements and may be sanctioned if he makes a false certification. Since prequalification requirements are based (as to the type of work) on the classification codes, we agree with the Department that bidders are obligated to be aware of those codes by the time they submit their bids and accompanying certifications. Accordingly, without deciding whether Cummins knew or should have known the facts underlying his protest at some earlier time, we agree with the Department that the seven day period specified in Section 1171.1(b) began to run *at least* by the time Cummins submitted his bid. (Emphasis in original and footnote omitted).

*See also Collinson v. Department of Transportation,* 959 A.2d 480, 484 (Pa. Cmwlth.2008) (holding that a disappointed bidder's protest alleging the classification for most of the project's work items was arbitrary or a mistake was untimely because the bidder knew or should have known the facts underlying the protest at the time the proposal was advertised); *Common Sense Adoption Services v. Department of Public Welfare,* 799 A.2d 225, 231 (Pa.Cmwlth.2002) (holding that a disappointed bidder's protest alleging the improper consideration of two factors in an audit report was untimely and should have been filed within seven days of the bidder's receipt of the audit report which constituted a formal amendment to the RFP).

█ The second and third grounds for SGI's protest, that GTECH had an unfair competitive advantage through the use of the previously disclosed confidential information and that GTECH was unfairly awarded incumbency points as the existing vendor, should have been filed within seven days of the issuance of the 2012 RFP because the facts underlying these grounds were known by SGI at that time. *Collinson; Cummins; Common Sense*

*Adoption Services.* All of the facts underlying SGI's second protest grounds were known to SGI at the time the 2012 RFP was issued because SGI was aware at that time that its 2010 proposal information had been provided to GTECH through the debriefing following the 2010 RFP process and through GTECH's RTKL request. The facts underlying the third protest grounds were also known or should have been known to SGI at the time the 2012 RFP was issued because SGI knew at that time that GTECH had the information relating to the 2010 evaluation and that GTECH was the incumbent vendor. As a result, GOA did not err in determining that the foregoing Section 1171.1(b) seven-day protest period runs from those times and not the date of GTECH's selection and that SGI's protest was untimely in this case.

█ Finally, GOA's and the Department's response to SGI's question did not estop GOA from considering the timeliness of the protest to the 2012 RFP. As noted above, SGI's question was whether or not GOA or the Department believed that there was a waiver with respect to the claims SGI was then asserting in this Court and before the Board relating to the 2010 RFP cancellation. The question and answer do not reference any of SGI's claims relating to the 2012 RFP which was independent of the 2010 RFP process and does not relate to any of SGI's claims with respect to that prior procurement. All of the claims in this case relate to the selection of GTECH under the 2012 RFP so there can be no estoppel with respect to the instant protest. *See, e.g., Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 197, 27 A.2d 20, 24 (1942) (" "There can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or judgment than the product of what the defendant did or represented. The act must be induced by,

and be the immediate and proximate result of, the conduct or representation, which must be such as the party claiming the estoppel had a right to rely on. The representation of conduct must of itself have been sufficient to warrant the action of the party claiming the estoppel....'") (citation omitted).

Accordingly, the GOA's Final Determination is affirmed.[9]

Judge BROBSON did not participate in the decision in this case.

### ORDER

AND NOW, this *9th* day of *October*, 2013, the order of the Governor's Office of Administration dated May 31, 2013, at Protest Docket No.: 2013–02AD2013 is affirmed.

### CONCURRING AND DISSENTING OPINION BY Senior Judge FRIEDMAN.

Because I believe that Scientific Games International, Inc. (SGI) timely filed its protest to the Department of General Services' (DGS) selection of GTECH Corporation (GTECH) for contract negotiations while SGI's claim as to the 2010 Request for Proposal (RFP) remained outstanding, I respectfully dissent in part.[1]

The majority states that:

because issuance of the 2012 RFP and the *potential* award of a new contract are what "aggrieved" SGI, and SGI knew or should have known at the time it submitted its proposal to the 2012 RFP that a contract for the new [Central Computer Control System] CCCS *could be awarded to a different party,* [Governor's Office of Administration] GOA correctly determined that SGI

should have filed its protest within seven days of its submission.

(Majority Op. at 718 (emphasis added).) Taking the majority's analysis to its logical conclusion, the majority would require that every time a party submits a proposal to an RFP, it must also file a protest within seven days of the proposal because the possibility exists that the contract will be awarded to another party. I disagree.

Here, although the CCCS could have been awarded to a different party, the CCCS also could have been awarded to SGI. Because SGI could have been awarded the contract, I fail to see how SGI was aggrieved when it submitted its proposal.

SGI was not aggrieved until April 19, 2013, when the DGS notified SGI of GTECH's selection for contract negotiations. Thus, SGI's protest of April 26, 2013, challenging that selection, while SGI's claim as to the 2010 RFP remained outstanding, was timely. Accordingly, I would reverse on this issue.

---

9. Based on our conclusion that GOA did not err in determining that SGI's protest was untimely, we will not address SGI's remaining claims regarding the merits of the three protest grounds.

1. I concur with the remainder of the majority's opinion.